## MERRILL v. COON et ux.

No. 3485. Decided December 2, 1920. (193 Pac. 1108.)

1. APPEAL AND ERROR—A BILL OF EXCEPTIONS NOT SERVED ON RESPONDENTS MUST BE STRICKEN. Where a bill of exceptions was allowed and settled on defendants' initiative, without giving plaintiff opportunity to examine it and suggest amendments, as required by Comp. Laws 1917, § 6969, and such right was not waived, the Supreme Court cannot consider it against the objections of the plaintiff, and a motion to strike the bill must be sustained.

2. APPEAL AND ERROR—CAUSE NEED NOT BE DISMISSED FOR VIOLATION OF RULES AS TO BRIEFS AND ABSTRACT NOT PREJUDICING OPPONENT. Where noncompliance of appealing defendants with court rules in presenting and filing the abstracts, briefs, etc., have in no way prejudiced plaintiff's rights, and do not affect the Supreme Court's jurisdiction, a motion to dismiss the appeal therefor may be denied.

3. APPEAL AND ERROR—WHERE BILL OF EXCEPTIONS IS STRICKEN,

AND THE PLEADINGS, FINDINGS, AND CONCLUSIONS SUPPORT JUDG-
MENT, IT SHOULD BE AFFIRMED. Where a bill of exceptions has
been stricken, only the pleadings, findings of facts, and con-
clusions of law may be considered, and where they support
the judgment it must be affirmed.

Appeal from District Court, Third District, Salt Lake
County; *P. C. Evans*, Judge.

Action by Agnes M. Merrill against Charles Eugene Coon
and wife. Judgment for plaintiff, and defendants appeal.

AFFIRMED.

*H. J. Fitzgerald* and *C. E. Norton*, both of Salt Lake City,
for appellants.

*B. Clegg* and *Ben Johnson*, both of Salt Lake City, for re-
spondent.

FRICK, J.

The plaintiff commenced this action to quiet title to a
small strip of ground which is specifically described in her
complaint. The complaint is in the usual form in such
actions. Defendants in their answer denied the allegations
of the complaint, and, in a counterclaim, set up title to the
strip in themselves, and asked that the title be quieted in
them. The case was tried to the court without a jury. All
the issues were found in favor of plaintiff, and a judgment
entered quieting the title to the strip of ground in her, and
enjoining defendants from interfering therewith, and deny-
ing all of defendants' claims to said strip of ground. De-
fendants appeal from the judgment.

The plaintiff interposed a motion to strike the bill of ex-
ceptions for the reasons: (1) That it was not served on
plaintiff, nor on her attorneys, before it was allowed and
settled, as provided by our statute (Comp. Laws 1917,
§ 6969); and (2) that no notice of its presentation to the

district judge for settlement was given as required by the same statute. We have carefully examined the bill of exceptions, and can discover no evidence from which we, or any one else, could say that the bill as proposed by defendants was ever served on plaintiff or on her counsel at any time, as required by the aforesaid statute, nor is there any evidence that service thereof was waived.

In settling a proposed bill of exceptions it is important that the provisions of the statute be at least substantially complied with. The provision of the statute that the party who proposed to settle a bill of exceptions must, before doing so, serve his proposed bill on his adversary, or his counsel, so that amendments, if any are desired, may be proposed before it is presented to the judge who tried the case for allowance and settlement, is a very important provision, and, unless waived by the adverse party or his counsel, must be complied with. Every party to an action who may be adversely affected by the appeal must be given the opportunity, as provided by our statute, to propose any amendments to the proposed bill of exceptions before it is allowed and settled and finally made a part of the record on appeal. A bill of exceptions which is allowed and settled on the initiative of one party, and without giving his adversary an opportunity to examine it and to suggest amendments, when such right is not waived, cannot be considered by this court against the objections and protest of such adversary. So far as the record discloses in this case, no such opportunity was given plaintiff, nor her counsel; hence the motion to strike the bill of exceptions upon the first ground must be sustained. In view of that conclusion, it is not necessary to pass upon the second ground of the motion.

A motion is also interposed to dismiss the appeal upon the ground that the defendants have not complied with the rules of this court in preparing and filing abstracts, briefs, etc. While it is true that the rules of this court have been violated in several particulars at least, yet, in view that those violations have in no way prejudiced the rights of the plaintiff and do not affect the jurisdiction of

this court, we feel constrained to deny the motion to dismiss the appeal.

In proceeding to a consideration of the appeal, it is obvious that in view that the bill of exceptions has been stricken there is nothing before us, except the pleadings, the findings of fact, the conclusions of law, and the judgment appealed from. The only question, therefore, 3 that we can review, is: Do the pleadings, findings of fact, and·conclusions of law support the judgment? In our opinion the judgment is clearly supported by the pleadings, findings of fact, and conclusions of law.

In view of that, the judgment should be, and it accordingly is, affirmed, with costs.

CORFMAN, C. J., and WEBER, GIDEON, and THURMAN, JJ., concur.